Zimmerman, J.
It may well be that the Court of Appeals arrived at a just result in its disposition of this cause, but is that disposition in accordance with settled legal principles and did not the Court of Appeals, in effect, make a will for the testator?
Item five of the will is plain and to the point; it creates a specific legacy and gives and bequeaths to Nell Balduf “all cash in the box on the desk in the back room of my home.” And that is all. No extrinsic evidence is necessary or proper to explain that item.
A will ordinarily speaks as of the death of the testator. When the testator died there was but $7.50 in the box referred to, and that represents the extent of Nell Balduf’s legacy.
Had the testator intended her to have $1,400, or a similar amount, he would have bequeathed her that sum in the same manner he bequeathed the $100 in item four of his will.
By item two of his will, the testator bequeathed his automobile, a specific item, to his brother. Had that automobile been wrecked before testator’s death, the brother could hardly have claimed the value of the automobile before it was wrecked.
We think the judgment of the Probate Court herein rests on a sound legal foundation. Therefore, the judgment of the Court of Appeals is reversed and that of the Probate Court affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taet, JJ., concur.